UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DORIS QUEEN LAVENDER, also known as Doris Ann Jones, | Case No. 15-CV-3526 (JNE/LIB) |
| Plaintiff, | ORDER AND REPORT AND RECOMMENDATION |
| v. | |
| UIC COLLEGE OF DENTISTRY; MAGDALINE ARGIROVA, Dentist; BRYAN BAUER, Dentist; PATRICIA N. HILL, Dental Instructor; DR. SUSAN ROWAN, Administrator; DR. JOHNNIE MAY DAVIS, Administrator; and DR. D. ROBINSON, Dental Instructor, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, [Docket No. 2]; and the Court's Order to Show Cause, [Docket No. 3].

Plaintiff Doris Queen Lavender ("Plaintiff") commenced this action alleging that the named defendants had implanted a device in her tooth without authorization and that the implantation has caused her several serious medical problems.

Under 28 U.S.C. § 1391(b),

> [a] civil action may be brought in

>   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Because it did not appear from Plaintiff's Complaint, [Docket No. 1], that Minnesota is the proper venue for this matter under § 1391(b), as each of the named defendants is a resident of the Northern District of Illinois and the events giving rise to Plaintiff's claims appeared to have occurred in the Northern District of Illinois, on September 15, 2015, the undersigned issued an Order to Show Cause, [Docket No. 3], allowing Plaintiff until October 7, 2015, to show cause why this matter should not be dismissed or transferred to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a).

On September 17, 2015, Plaintiff filed a Reply, [Docket No. 4]; a Stipulation for a Protective Order, [Docket No. 5]; and a Letter, [Docket No. 6]. On September 21, 2015, the Court entered a text Order, [Docket No. 7], stating that it would consider Plaintiff's request for a protective Order at the same time as it considers Plaintiff's response to the Order to Show Cause, [Docket No. 3].

**I. Protective Order**

Plaintiff did not file a formal motion for a protective order. However, it is apparent that Plaintiff is proceeding pro se. In reviewing Plaintiff's filings, the Court is guided by case authority

which instructs it to liberally construe the content of pro se filings. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("A document filed pro se is to be liberally construed [.]") (internal citation and quotation marks omitted)). Accordingly, the Court will construe Plaintiff's Stipulation for a Protective Order, [Docket No. 5], as a formal motion for a protective order.

Federal Rule of Civil Procedure 26(c) governs motions for protective orders. Rule 26(c) states: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." (Emphasis added).

Plaintiff's request for a protective order is improper for several reasons. First, Plaintiff has not shown that anyone is requesting discovery from her at this time. As such, the request is premature. In addition, there is nothing in the record presently before the Court indicating that Plaintiff met and conferred with the Defendants regarding the request. Although Plaintiff is not presently represented by counsel, she is not excused from complying with procedural and substantive rules. Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986). Because Plaintiff's request for a protective order is at this time premature and Plaintiff has, in any event, not followed the procedural requirements for filing a motion for a protective order, the Court will **DENY** the request for a protective Order without prejudice.

**II. Order to Show Cause**

In her filings in response to the Order to show Cause, [Docket No. 3], Plaintiff asked the Court not to transfer this case, stating that she is in pain and cannot travel due to the device implanted in her tooth. (See [Docket Nos. 4, 5, 6]). Nothing in Plaintiff's Reply, [Docket No. 4];

Stipulation for a Protective Order, [Docket No. 5]; or Letter, [Docket No. 6], changes the fact that the Defendants reside in, and the events giving rise to Plaintiff's claims occurred in, the Northen District of Illinois. Nor has Plaintiff filed any other response to the Order to Show Cause, [Docket No. 3], which indicates that the Defendants are not residents of the Northern District of Illinois, or that the events giving rise to her claims did not occur in the Northern District of Illinois. Under § 1391(b)(2), then, venue for this matter properly lies within that district.

Accordingly, this Court recommends that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district <u>shall</u> <u>dismiss</u>, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") (emphasis added).

If the Plaintiff wishes to pursue this matter further, she may re-file it in the Northern District of Illinois where proper venue appears to lie based on the Plaintiff's pleadings.

**III. CONCLUSION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT,** Plaintiff's Stipulation for a Protective Order, [Docket No. 5], is **DENIED**.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1406.[1]

---

[1]Consequently, if the recommendation is adopted, the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, [Docket No. 2], is necessarily denied as moot.

Dated: October 16, 2015     s/Leo I. Brisbois                          
                                                          Leo I. Brisbois
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.